Thomas B. McElrath et al *v.* Joseph McElrath et al.

Gratuitous Services—Compensation.
>One is not entitled to charge another for gratuitous services performed without expectation of pecuniary compensation.

APPEAL FROM MARSHALL CIRCUIT COURT.

January 18, 1868.

Opinion of the Court by Judge Robertson:

If Joseph McElrath had, without objection, and in good faith, hired Polly out, he might have been responsible for only what he got. But he had no right to keep her in his own service and charge for the maintainance of herself and her infant children under eight years of age, for 12 years, $1,375 or any other sum. Even as thus encumbered the inherent probability is that some other person would have paid something for her services, or would, at least, have kept her and her children for her services.

Without any proof of an effort thus to dispose of them in good faith the executor not only had no right to keep her and charge as he did, but he might be held responsible, if any loss resulted to the devisees from his voluntary assumption and apparent perversion of fiducial authority.

Nor do the facts exhibited in the record entitle him to $1,375 or any other sum for attending to his motherfor whom, after making generous provision for her by his will, the testator also provided that she should never want for anything needful for her comfort. This implied power in her to take or call for more than the use of the property devised to her, could not be executed by the executor without her express authority. And there is no evidence of any such need of authority. Joseph's occasional attentions to her and supervision of her affairs do not appear to have been more onerous or beneficial than filial affection and duty prompted and required. And consequently, there being no proof of any express contract, the law would not only imply any right or even intention to charge for those apparently gratuitous services and thereby tax

the testator's estate with such extraneous charge. And that he did not perform those services with an expectation of pecuniary compensation or with a mercenary object, may also be inferred from the significant fact that, in four successive settlements with the county court, he had never charged anything for them or for keeping Polly and her children.

We feel constrained therefore to adjudge that the circuit court erred in allowing to the appellee Joseph McElrath, as it did, for keeping Polly and for services to his mother.

Wherefore, the judgment is reversed and the cause remanded for further proceedings.

*Palmer, for appellant.*

*Gilbert, for appellee.*